{¶ 32} I concur in judgment only with the majority opinion. Since Maloof raised only a legal malpractice claim, our review is limited to that claim.
 {¶ 33} I acknowledge the body of case law cited in the majority opinion concerning corporations being separate entities from individual officers and directors. Nevertheless, I write separately to note the apparent conflict that exists when a law firm attempts to simultaneously represent both a sole shareholder's business interests and the sole shareholder as an individual. In this case, this perceived conflict existed long before the April 17, 2002 termination letter sent by Benesch to Maloof. Further, the appointment of John Rudd, a client of Benesch, to restructure Maloof's business and the later appointment of Benesch by the Bank Group as debtor's counsel created, perhaps unfairly, an impression of self-dealing. Sole shareholders are unique. Invariably their personal interests are tied to the fate of the corporation, and the two are often inseparable. This case points out why separate counsel should be maintained, at all times, involving a sole shareholder's business and personal interests.